IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT PALMER, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:19-cv-0372 (Erie) |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| WAL-MART STORES EAST, L.P.; | ) | UNITED STATES MAGISTRATE JUDGE |
| WAL-MART REAL ESTATE | ) | |
| BUSINESS TRUST, | ) | MEMORANDUM OPINION ON |
| | ) | PLAINTIFF'S MOTION FOR |
| Defendants | ) | PARTIAL SUMMARY JUDGMENT |
| | ) | |
| | ) | ECF NO. 27 |

Presently before the Court is a motion for partial summary judgment filed by the Plaintiff Robert Palmer (Palmer). The motion has been fully briefed and oral argument on the motion was conducted on April 7, 2021. For the reasons set forth below, Palmer's motion will be **DENIED**.[1]

I.    Relevant Background

The present motion focuses on the legal consequences of an exchange of email between counsel for Palmer and a claims representative for Wal-Mart on May 3, 2018, more than a year and a half before Palmer filed this action. This email exchange was initiated by Palmer's counsel to Wal-Mart's representative, Julia Williams. Counsel's email initially acknowledged prior discussions regarding Palmer's personal injury claim against Wal-Mart and provided an update concerning Palmer's medical treatment. Counsel's email next referred to a discussion during which Ms. Williams indicated that Wal-Mart may be willing to accept responsibility for the claim. The email then went on to state:

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the Parties have consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. *See* ECF No. 10.

1

> I don't want to wait approximately a year to value the claim and make a demand only to find out that Walmart disputes liability or wants to apportion liability percentages. If that is the case, then we need to move forward with litigation so that the circumstances of the fall can be fully investigated. Alternatively, Walmart can voluntarily provide the video of this incident so that I am prepared to address any claim of non-liability and/or comparative fault.
>
> Therefore, *please confirm in writing that Walmart is conceding 100% liability for the fall in question.* If this confirmation is not received within 20 days of this email and Walmart does not alternatively provide the video we previously requested, we will assume that liability is in dispute and w will proceed with litigation so as to not lose time.

ECF No. 28, ¶ 6 (emphasis supplied).

In response to this email later that same day, Ms. Williams wrote:

> Hi Michael,
>
> Thank you for the update. In response to your request for acceptance of liability (in writing), I can confirm that based on investigation conducted to date (which includes review of the video of the incident), *Walmart is accepting 100% liability* for the fall in question. However, *this acceptance is not by waiver of Walmart's right to change its liability position if additional investigation indicates otherwise.*
>
> Please let me know if you have any further questions. I plan to check in every 30 days with you for a treatment/demand status.

ECF No. 28, ¶ 372 (emphasis supplied).

Palmer has moved for partial summary judgment on liability on the grounds that this exchange constitutes a binding admission or agreement on the part of Wal-Mart not to contest liability in the case. ECF No. 27. Wal-Mart opposes the motion, arguing that this admission of liability was made as part of a settlement negotiation and is, therefore, inadmissible under Federal Rule of Evidence 408. Wal-Mart also contends that it conducted "further investigation" of the claim once litigation was commenced, which entitled it to change its litigation position. *See* ECF No. 34.

2

II.     Analysis

Federal Rule of Evidence 408 states:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence or statements made in compromise negotiations is likewise not admissible.

FRE 408.

In *Philadelphia's Church of Our Savior v. Concord Twp.*, 2004 WL 1824356 (E.D. Pa. July 27, 2004), the court explained that Rule 408's exclusionary effect is grounded in two rationales:

> First, the relevancy of settlement communications is thought to be suspect because they may have been an attempt to purchase peace rather than an admission of liability. Second, and perhaps 'most importantly,' the Rule's exclusion of settlement evidence furthers public policy by promoting the voluntary settlement of disputes, which would be discouraged if evidence of compromise were later used in court.

2004 WL 1824356, at *2.

Examined in its entire context, the May 3, 2018 email exchange, including the asserted admission of "100% liability," was part of settlement negotiations. The exchange discussed liability issues and the exchange of information regarding Palmer's evolving medical condition/damages, both of which were "in dispute" at the time of exchange. This, however, does not necessarily mean that the email exchange is subject to exclusion under Rule 408. "Rule 408 does not rule out the admission of settlement evidence in all circumstances." *Sikkelee v. Precision Airmotive Corp.*, 2021 WL 780817, at *12 (M.D. Pa. Mar. 1, 2021) (citation omitted). "Rather, when not used to 'prove or disprove the validity or amount of a disputed claim,' settlements are admissible where offered for 'another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.'" *Id.* (citations

3

omitted). *See also Benson v. Giant Food Stores, LLC*, 2011 WL 6747421, at *5 (E.D. Pa. Dec. 22, 2011) (holding that "Rule 408 is inapplicable if offered to show that a party made fraudulent statements in order to settle a litigation"). The decision whether to admit settlement evidence for "another purpose" is squarely within a district court's discretion. *Sikkelee*, 2021 WL 780817, at *12 (citations omitted).

Offering evidence to prove the existence of an agreement to settle a claim (or a portion of a claim) is a purpose other than to establish liability on a disputed claim and, therefore, outside of Rule 408's proscription of admissibility. *See Cates v. Morgan Portable Building Corp.*, 780 F.2d 683 (7th Cir. 1985) ("Obviously a settlement agreement is admissible to prove the parties' undertakings in the agreement, should it be argued that a party broke the agreement."). Indeed, as one well-respected treatise puts it:

> Perhaps the largest group of [Rule 408 'another purpose'] precedents involves the use of compromise evidence where the compromise agreement is the basis for the claim rather than circumstantial evidence of the validity of the claim being compromised. For example, if suit is brought for breach of a settlement contract, Rule 408 does not prevent the plaintiff from proving the agreement.

23 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5314 (2d. ed. 2020) (footnotes omitted).

To the extent Palmer is offering Ms. Williams statement acknowledging "100% liability," standing alone and solely as an "admission" of liability, Rule 408 precludes its admissibility or consideration on summary judgment. However, Palmer also appears to offer the entire email exchange between his counsel and Ms. Williams to establish a partial settlement "agreement"— one intended by the parties to narrow the dispute to one involving only damages.

During oral argument, the Court offered the following example to illustrate the significance of the distinction. Hypothetically, if a plaintiff wished to introduce evidence that the defendant offered $10,000 to settle his case, that offer of settlement would be inadmissible to show liability or

4

damages. In contrast, if the plaintiff's proffer also included evidence that he communicated his acceptance of the offer, Rule 408 would not preclude the Court's consideration of either side of the communication to enforce the settlement agreement. Here, Palmer does not assert that Ms. Williams agreed to settle the entire case but he does reasonably contend that she agreed not to dispute liability in exchange for his deferring Wal-Mart's compelled production of video evidence in its possession by means of Palmer's immediate commencement of litigation and discovery.

Based on the record as it presently exists, however, the Court cannot resolve whether such an agreement binds Wal-Mart because material issues of fact exist regarding both the existence of the agreement and its terms. Ms. Williams' conditioned her "acceptance" upon "Walmart's right to change its liability position if *additional investigation* indicates otherwise." (emphasis supplied). Wal-Mart contends that the following permitted the company to change its liability position:

- Palmer's filing of a lawsuit approximately a year after the email and retention of counsel;
- Walmart filed an Answer in which they denied liability and asserted several defenses;
- The filing of litigation entitled Walmart to conduct additional investigation into Palmer's claim.
- Such additional investigation included Palmer's deposition, in which he stated that he did not utilize the "weather mat" that Walmart had placed at the store entrance despite Palmer's knowledge that snow and slush were being tracked into the store;
- Palmer stated that he did not take any precautions when exiting the building despite his knowledge of the weather conditions;
- Palmer also conducted further investigation, including the deposition of a Walmart employee whom the company describes as a "liability witness."

The extent to which any of the foregoing may constitute "additional investigation" allowing Wal-Mart to withdraw its acceptance of liability cannot be resolved on summary judgment. The intended scope of the phase "additional investigation" is far from unambiguous, including whether it encompassed information developed during the litigation itself or was limited to pre-litigation

5

investigation. In addition, the record is not sufficiently developed regarding the "additional investigation" Wal-Mart performed or the results of that investigation. Thus, genuine issues of material fact preclude partial summary judgment in Palmer's favor. Resolution of these issues will have to await further proceedings and a more developed record.[2]

An appropriate order follows.

### ORDER

For the reasons stated in the foregoing Opinion, Plaintiff's Motion for Partial Summary Judgment (ECF No. 27) is hereby **DENIED**.

So ordered this 7th day of April, 2021.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

---

[2] Whether these issues are properly resolved at trial or during pretrial proceedings is not presently before the Court.